IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY E. GEDDRY,

        Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

CV 06-6147-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff Mary Geddry challenges the Commissioner's decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g) and AFFIRMS the Commissioner's decision.

1 - OPINION AND ORDER

The administrative law judge ("ALJ") applied the familiar sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (describing the sequential procedure). At step one of the decision-making sequence, the ALJ found that Ms. Geddry failed to prove she had not engaged in any substantial gainful activity ("SGA") for any continuous period of 12 months after she allegedly became disabled in March 2002. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Thus, the ALJ found her not disabled.

The court reviews the Commissioner's decision to ensure that proper legal standards were applied and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). The claimant bears the burden of proving that she is disabled. *Id.* at 1193-94.

Ms. Geddry argues that the ALJ failed to follow the applicable Social Security Rulings ("SSR") and regulations in evaluating her self employment and that substantial evidence does not support the finding that she engaged in SGA throughout the relevant period. In determining whether a claimant's work activity amounts to SGA, a primary consideration is the income derived from the work activity. *See* 20 C.F.R. §§ 404.1572, 416.972. For self-employed claimants, however, the Commissioner does not consider income alone. Work activity is evaluated based on its value to the business and may arise to the level of SGA even though the claimant receives no immediate income from the services. *Byington v. Chater*, 76 F.3d 246, 249-50 (9th Cir. 1996) (citing 20 C.F.R. § 404.1575).

The regulations provide three tests for evaluating the work activity of self-employed individuals. Under Test One, a self-employed claimant engages in SGA if she renders services that

are significant to the operation of the business and derives a substantial income from the business. 20 C.F.R. §§ 404.1575(a)(2)(i), 416.975(a)(1); SSR 83-34, 1983 WL 31256, *2 (1983).

Ms. Geddry submitted a Work History Report indicating that she worked as a self-employed manufacturer of herbal soap and personal care products from 1997 to 2003. She also reported self-employment as a computer consultant and website designer at the same time. Tr. 87-89.[1] She reported working long hours up to seven days a week. She claimed full involvement in and primary responsibility for all aspects of these enterprises. Accordingly, she rendered significant services to their operations. *Byington*, 76 F.3d at 249-50; SSR 83-34.

In determining whether a self-employed claimant derives a substantial income from her business, the regulations refer to numerical earnings thresholds used to evaluate whether an employed claimant is engaged in SGA. 20 C.F.R. §§ 404.1575(a)(2)(iii), 416.975(a)(2)(iii) (incorporating the earning guidelines in 20 C.F.R. §§ 404.1574(b), 416.974(b)). For 2002, 2003, and 2004, the SGA earnings thresholds were $780, $800 and $810 per month, respectively. *Social Security Administration Office of Policy, Annual Statistical Supplement,* 2005, http://www.socialsecurity.gov/policy/statcomps/supplement/2005/2a29-2a32.pdf. On her Work History Report, Ms. Geddry indicated she earned $12,000 per year from her soap manufacturing business and $8,000 per year from her computer consulting business through 2003. Tr. 87-89. These amounts easily exceed the SGA threshold levels for the three years in question. Ms. Geddry's reported FICA earnings are not consistent with the level of earnings she reported in her Work History Report. Tr. 226. This could suggest that Ms. Geddry did not accurately report all of her income and

---

[1] "Tr." refers to the official transcript of the administrative record filed with the Commissioner's Answer.

3 - OPINION AND ORDER

that the ALJ relied on this and other inconsistencies in her statements about earnings to conclude that she could not be relied upon to accurately report her income.

Considering only reported earnings, Ms. Geddry earned $7,978 in 2002, $9,293 in 2003, and $10,779 in 2004. Tr. 226, 230. Averaged evenly over the year, these earnings exceed the SGA threshold for 2004, but fall slightly below the thresholds for 2002 and 2003. Income below the threshold level is considered substantial income for a self-employed individual if the livelihood she derives from self-employment is comparable to that which she had before allegedly becoming disabled. *Byington*, 76 F.3d at 249; SSR 83-34, 1983 WL 31256.

Ms. Geddry's reported income increased in the year she allegedly became disabled and in each subsequent year through 2004. Tr. 226, 230. The ALJ reasonably concluded that her self employment income provided a livelihood comparable to that which she had before she allegedly became disabled. Accordingly, both Ms. Geddry's Work History Report and the income she reported for tax purposes support the ALJ's finding.

Ms. Geddry argues that much of her income in 2003 and 2004 came from two large sales of soap that was manufactured in 2002. She contends SSR 05-02 required the ALJ to disregard these two sales as "unsuccessful work attempts." SSR 05-02, 2005 WL 568616 (2005). Under SSR 05-02, relatively brief unsuccessful work attempts that do not demonstrate sustained SGA are disregarded in determining whether work activity is SGA. *Id.* at *2. The ALJ urged Ms. Geddry to provide earnings statements, bank records, or other documentation to show when her income was earned. Tr. 244, 251. Ms. Geddry failed to avail herself of that opportunity and, therefore, did not satisfy the burden of proof on this issue.

Ms. Geddry also asserts the ALJ failed to deduct medical costs for treatment, prescriptions, and other medical expenditures before calculating her earnings. She submitted a statement indicating that she claimed medical costs of approximately $5,000 per year in 2003 and 2004. Tr. 229, 232. Impairment-related work expenses can be deducted from earnings in determining SGA, but this does not encompass all tax-deductible medical expenses. The costs of routine drugs and routine medical services are not deductible for SGA purposes, unless the drugs and services are necessary to control a disabling condition and thereby enable the claimant to work. 20 C.F.R. §§ 404.1576, 416.976; SSR 83-34, 1983 WL 31256.

Ms. Geddry's assertion on her tax return that she incurred medical expenses does not establish that these were impairment-related work expenses as defined in the regulations. Ms. Geddry's counsel requested an extension of time to submit additional information, including "more specific records of her medical expenditures." Tr. 227. But, Ms. Geddry did not submit specific records establishing that her medical expenditures were impairment-related work expenses. Accordingly, she did not satisfy the burden of proof on this issue either.

Finally, Ms. Geddry argues these is no evidence showing she was engaged in SGA during 2005. The ALJ found her statements about her earnings unreliable and chose to rely instead on tax returns, FICA records, bank statements, and other documentation. Ms. Geddry is correct that the ALJ had no such documentation more recent than her 2004 tax return. Despite this limitation, however, Ms. Geddry could not show a continuous 12-month period without SGA because the ALJ issued the hearing decision on September 21, 2005.

5 - OPINION AND ORDER

The ALJ made her determination under Test One of 20 C.F.R. §§ 404.1575(a)(2)(i), 416.975(a)(1) and SSR 83-34. There is no basis in the record for the court to conclude that the ALJ should have applied a different standard. The claimant has the burden of showing she cannot engage in SGA, and Ms. Geddry failed to satisfy that burden. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (claimant has the burden of proof at step one). Although Ms. Geddry presents arguments that rationally account for the evidence, the ALJ's conclusions are equally rational and must be upheld. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this  11th  day of July, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge